### 15253.   BURKHALTER v. DURRENCE.

The alleged defects in the mule sold by the plaintiff to the defendant did not, under the evidence, constitute a defense to the purchase-money note sued on, or entitle the defendant to a reduction in the amount of the purchase-money.

DECIDED APRIL 15, 1924.

Complaint; from city court of Claxton—Judge Elmore.   November 19, 1923.

The action was upon a note for $300 principal, the price of a mule.   The defendant, by his plea as amended, set up that the mule was sold and bought to do the ordinary work of a mule, but was not suited for that purpose, that the mule was unmanageable, wild, and crazy, and "is sickly, being subject to colic, and has been crippled a great portion of the time, and is now crippled," that these defects existed when the mule was bought, and were latent and unknown to the defendant, and that the mule "was not worth more than $150."   The trial resulted in a verdict for the plaintiff for $225 principal, besides interest and attorney's fees sued for; and he made a motion for a new trial, contending that the verdict for less than the amount of the note was contrary to law and the evidence.

*W. T. Burkhalter,* for plaintiff.

*P. M. Anderson,* for defendant.

BROYLES, C. J.   The defendant bought a mule from the plaintiff, but at that time gave no note for it.   After keeping and working the animal for two or three months he sent it back to the plaintiff, with word that he did not want it.   The plaintiff immediately returned the mule to him, and subsequently upon the same day saw him, and, according to the testimony of the defendant, said to him:   "I will knock off $25 if you will take her and get her in good shape; and if she don't suit you, bring her back and we will sell her and go fifty-fifty on the loss."   The defendant then agreed to keep the mule and signed a note for $300,—the note sued upon.   The undisputed evidence further shows that after the defendant signed the note he kept and worked the mule for two years before he made any complaint to the plaintiff, and that he never returned the mule to the plaintiff or requested him to sell it in accordance with their alleged agreement.   The jury returned a verdict in favor of the plaintiff for $225 as principal,

and for interest and attorney's fees provided for in the note; and the plaintiff made a motion for a new trial, which was overruled, and he excepted. Conceding (but not deciding) that the testimony of the defendant in regard to the alleged oral agreement, as quoted above, was admissible, the evidence demanded a verdict in favor of the plaintiff for the full amount sued for, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*